Filed 5/15/15  Stroud v. Alameda-Contra Costa Transit Dist. CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| JALAYZHA STROUD,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>ALAMEDA-CONTRA COSTA TRANSIT DISTRICT,<br><br>        Defendant and Respondent. | A142004<br><br>(Alameda County<br>Super. Ct. No. HG12627108) |

Jalayzha Stroud (Stroud) sued Alameda-Contra Costa Transit District (AC Transit) for harm she allegedly suffered when a bus she was riding in Hayward, California braked before colliding with a stopped truck.  A jury found that AC Transit was negligent, but that the negligence was not a substantial factor in causing harm to Stroud.  The trial court entered judgment in favor of AC Transit.

Stroud appeals, contending that no substantial evidence supports the jury's finding that AC Transit's negligence was not a substantial factor in causing injury to Stroud. However, Stroud did not designate a reporter's transcript for the record in this case. Because we presume a judgment is correct and Stroud has not provided us a record adequate to evaluate her contention, we affirm.

**I.**

**BACKGROUND**

On April 23, 2012, Stroud filed a complaint stating a single cause of action for negligence.  She alleged that on January 19, 2011, she was a passenger on an AC Transit

bus and sustained "whiplash, facial injuries, bruising and permanent back damage" when the driver of the bus "slammed on the brakes" to avoid a collision.

The parties stipulated to the following facts prior to trial: Stroud was a passenger on the bus, driven by Edwin Doyle Campbell, in Hayward, California. As the bus approached the intersection of Hesperian Boulevard and Cathy Way, a pickup truck stopped prior to passing through the intersection. The bus collided with the pickup truck and the driver of the truck left the scene before the police arrived. Following the collision, Stroud was transported by ambulance to Kaiser Hospital.

Presentation of evidence in a jury trial commenced on April 1, 2014. Stroud's case consisted of her own and her mother's testimony Some hospital bills were also introduced into evidence. The defense case consisted of testimony by Campbell, a traffic collision report, and a video recorded by cameras on the bus around the time of the collision. The parties stipulated that the video depicted Stroud and her body movements at the time the bus braked and afterwards.

The jury began deliberation at 10:43 a.m. on April 7, 2014. During deliberation, the jury asked to see certain of the video segments again. The jury reached a verdict at 1:42 p.m. that afternoon. The jury returned two factual findings on a special verdict form: (1) AC Transit had been negligent and (2) AC Transit's negligence was not a substantial factor in causing harm to Stroud.[1]

The trial court entered judgment in favor of AC Transit on April 7, 2007.

Stroud timely filed a notice of appeal on June 4, 2014. The record, as designated and provided by Stroud, consists of a clerk's transcript but no reporter's transcript of the trial or other proceedings. Nor did Stroud provide this court any of the trial exhibits. (See Cal. Rules of Court, rule 8.224(a)).

AC Transit moved to augment the record to provide the transcript of Stroud's trial testimony and requested transmittal of Exhibit 20, a video taken on board the bus that

---

[1] The special verdict form required the jury to stop if it determined that AC Transit's negligence was not a substantial factor in causing harm to Stroud. Accordingly, the jury made no further factual findings.

2

depicts the accident and Stroud's movements before, during and after it. Stroud did not object to either, and we granted both.

## II.

## DISCUSSION

Stroud begins her argument by quoting Code of Civil Procedure section 657 for the proposition that " 'A new trial shall not be granted upon the ground of insufficiency of the evidence to justify the verdict or other decision, . . . unless after weighing the evidence the court is convinced from the entire record, including reasonable inferences therefrom, that the court or jury clearly should have reached a different verdict or decision.' " She proceeds to argue that "plaintiff's evidence of injury due to the collision; [*sic*] was unopposed by defendant" because the parties stipulated "that plaintiff was transported to the hospital by ambulance after the accident and Plaintiff's bills for that ambulance ride and subsequent bills for treatment were admitted into evidence" and defendant "presented no . . . evidence that plaintiff suffered no harm or damages." Stroud follows with the statement that "[t]he judgment should be reversed and the case remanded for a trial as to damages because the jury could not have reasonably concluded that the passenger suffered no compensable injuries as a result of the driver's negligence." Finally, she states that this court "applies the substantial evidence standard of review to the jury's finding on the causation question," acknowledging that "[t]he evidence is viewed in the light most favorable to the judgment" and "draws every reasonable inference and resolves every conflict to support the judgment." She concludes by stating "[t]here is no reasonable support for the jury judgment finding the defendant negligent but answering 'no' to the second question of the special verdict form."

Stroud's arguments reflect fundamental misconceptions regarding both trial and appeal. First, this is an appeal, not a motion for new trial. Motions for new trial are addressed to the court that conducted the trial, i.e., the trial court. (Code Civ. Proc. § 656.) Section 657 is irrelevant to this appeal, which is from a judgment on a jury verdict. Unlike a trial court which, on a motion for new trial, "sits as an independent trier of fact" (Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter

3

Group 2014) ¶8.151.1 (Eisenberg)), this court does not weigh evidence in a challenge to a jury verdict.

Second, Stroud repeatedly misstates the standard of review as whether "the jury could . . . have reasonably concluded" that she suffered no injuries as a result of AC Transit's negligence or whether there is "reasonable support for the jury . . . finding." As Stroud appears to recognize elsewhere in her brief, we review a challenge to jury findings based on insufficient evidence by applying the substantial evidence standard. "Where findings of fact are challenged on a civil appeal, we are bound by the 'elementary, but often overlooked principle of law, that . . . the power of an appellate court begins and ends with a determination as to whether there is any substantial evidence, contradicted or uncontradicted,' to support the findings below." (*Jessup Farms v. Baldwin* (1983) 33 Cal.3d 639, 660.) This is a "deferential" test, in which the "reviewing court views the evidence in the light most favorable to the prevailing party, giving it the benefit of every reasonable inference and resolving all conflicts in its favor." (*Silicon Valley Taxpayers Assn., Inc. v. Santa Clara County Open Space Authority* (2008) 44 Cal.4th 431, 447.)

It is not altogether clear, but Stroud's brief appears to recognize that in answering "no" to the special verdict form question whether AC Transit's "negligence [was] a substantial factor in causing harm to [Stroud]," the jury necessarily found either or both of the following: Stroud suffered no harm and/or any harm she suffered was not caused by AC Transit. Her argument seems to be that both the fact and causation of harm are "undisputed" because she offered evidence of them and AC Transit did not offer counter evidence. In her view, the jury was thus compelled to find in her favor. There are at least three flaws with this argument.

First, as the plaintiff, Stroud had the burden of proof on both injury and causation, and the jury was not required to accept her version of the events. That she and apparently her mother testified she was injured and produced medical bills did not require the jury to find in her favor. The jury could have found the testimony incredible and the injury or link between the bus accident and injury feigned and disregarded that evidence.

4

(See *Beck Development Co. v. Southern Pacific Transportation Co.* (1996) 44 Cal.App.4th 1160, 1204 [trier of fact may reject testimony of witness even though it is uncontradicted, and if so, rejected testimony "cannot be credited on appeal unless, in view of the whole record, it is clear, positive, and of such a nature that it cannot rationally be disbelieved"]; Eisenberg, *supra*, ¶8:54 ["Uncontradicted testimony in appellant's favor does not necessarily conclusively establish the pertinent factual matter:  The trier of fact is free to *reject* any witness' uncontradicted testimony; and the court of appeal will affirm so long as the rejection was not arbitrary"].)  Even if AC Transit produced no evidence disproving Stroud's injuries, that would not entitle Stroud to a verdict in her favor; it was Stroud's burden to convince the jury that she did suffer harm that was caused by the accident, not AC Transit's burden to prove she did not.  (See *Beck Development Co.*, at p. 1206.)

Second, it is not accurate, as AC Transit points out, that Stroud's evidence of harm and causation was uncontradicted.  In its motion to augment the record and request for transmittal of exhibit, AC Transit demonstrates that Stroud's testimony about the accident is contradicted in significant respects by an onboard video recording that the parties stipulated shows Stroud's movements before, during and after the accident.  Not only could the jury have considered the video in rejecting the credibility of Stroud and her mother, the video provides substantial evidence supporting the jury's finding that Stroud suffered no harm as a result of the accident.

Third, and perhaps most important, by forgoing preparation of the reporter's transcript and transmittal of the trial exhibits, Stroud has waived her substantial evidence claim in any event.  "Where no reporter's transcript has been provided and no error is apparent on the face of the existing appellate record, the judgment must be *conclusively presumed correct* as to *all evidentiary matters*.  To put it another way, it is presumed that the unreported trial testimony would demonstrate the absence of error.  [Citation.]  The effect of this rule is that an appellant who attacks a judgment but supplies no reporter's transcript will be precluded from raising an argument as to the sufficiency of the evidence." (*In re Estate of Fain* (1999) 75 Cal.App.4th 973, 992; accord, Eisenberg,

5

*supra*, ¶8:47 ["Appellants who appeal only on the *clerk's transcript* or an *appendix*, failing to provide a reporter's transcript of the oral proceedings . . . , *cannot challenge sufficiency of the evidence*"].)  Notably, in assessing the sufficiency of the evidence we review the entire record.  (*People v. Johnson* (1980) 26 Cal.3d 557, 577.)  Thus, we cannot resolve an insufficient evidence challenge without a full record.

## DISPOSITION

The judgment is affirmed.  AC Transit shall recover its costs on appeal.

_____

STEWART, J.

We concur.

_____

KLINE, P.J.

_____

RICHMAN, J.